UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELSTER SOLUTIONS, LLC, a Delaware Limited Liability Company,<br><br>                      Plaintiff,<br><br>   vs.<br><br>THE CITY OF SEATTLE, a municipal corporation; SEATTLE CITY LIGHT, a publicly owned utility; MUCKROCK FOUNDATION, INC., a Massachusetts corporation; and PHIL MOCEK, an individual,<br><br>                      Defendants. | NO.<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

TO:       ALL PARTIES HEREIN AND TO THEIR COUNSEL OF RECORD

AND TO:  CLERK OF THE ABOVE-ENTITLED COURT

     Plaintiff Elster Solutions, LLC ("Elster") submits this complaint against Defendants The City of Seattle ("the City"), Seattle City Light ("SCL"), MuckRock Foundation, Inc. ("MuckRock") and Phil Mocek ("Mocek") and states the following:

**INTRODUCTION**

    1.    This action requests a preliminary and permanent injunction, and declaratory relief, against the above-captioned Defendants under the Washington Uniform Trade Secrets Act, RCW 19.108 et seq., and the Washington Public Records Act, RCW 42.56.540. Elster

00244628-3                                00244411-1

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -1

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

seeks to enjoin the un-redacted disclosure of Elster's bid proposal (the "Proposal") to SCL's Request For Proposal known as "SCL-RFP3404, Advanced Metering Infrastructure," (the "RFP"), which would reveal Elster's confidential trade secrets and disclosing sensitive financial, commercial and proprietary information into the public domain.

2. The instant legal action arises because, on information and belief, Defendant Mocek and/or Defendant MuckRock (collectively, the "MuckRock Defendants") submitted to SCL a Public Records Act Request seeking all proposals that were submitted in response to the RFP. SCL has represented that it intends to disclose all such records, in un-redacted format, on May 26, 2016 unless enjoined by a court-issued injunction. Accordingly, Elster brings the instant legal action to prevent the release of Elster's trade secrets, proprietary information that are protected from public disclosure under the Washington Public Records Act ("PRA"), RCW Chapter 42.56, and Washington's Uniform Trade Secrets Act ("UTSA"), RCW Chapter 19.108, Elster's Motion for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction will be filed concurrently with this Complaint.

## PARTIES, JURISDICTION, AND VENUE

3. Elster is a limited liability company organized under the laws of the State of Delaware, which maintains its principal place of business in Raleigh, North Carolina.

4. The City is a municipal corporation organized under the laws of Washington, with its principal place of business in Washington.

5. SCL is a department of the City, and is the City's publicly-owned electric power utility.

6. On information and belief, Defendant MuckRock is a corporation organized under the laws of the State of Massachusetts, with its principal place of business unknown.

7. On information and belief, Defendant Mocek is an individual residing in King County, Washington.

00244628-3
COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -2

00244411-1

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

8. The MuckRock Defendants are subject to suit herein as necessary parties pursuant to *Burt v. Washington State Dept. of Corrections*, 168 Wn.2d 828, 231 P.3d 191 (2010), as they made the PRA request(s) at issue.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy – Elster's trade secrets, and confidential financial, commercial and proprietary information – is valued at an amount in excess of $75,000, exclusive of interest and costs, and this dispute is between citizens of different states.

10. Venue is proper under 28 U.S.C. § 1391(b)(1)-(3). SCL is a governmental entity that resides in the Western District of Washington. All acts or omissions giving rise to Elster's claims have occurred in the Western District of Washington. SCL is subject to personal jurisdiction in the Western District of Washington.

## GENERAL ALLEGATIONS

### *SCL's RFP for "Advanced Metering Infrastructure"*

11. On or about November 12, 2014, issued a Request For Proposal ("RFP") inviting interested bidders to submit proposals for the delivery and implementation of an Advanced Metering Infrastructure solution.[1] More specifically, SCL's RFP solicited price quotes for implementing a communications system, electric meters, water communications modules and an information system for the management and control of the [SCL's] communications network and endpoint devices.

12. On or about January 9, 2015, Elster submitted a bid proposal in response to the RFP. Elster's detailed bid proposal contained 15 separate sections, plus 27 attachments.

---

[1] Advanced Metering provides automated wireless communications between meters and the utility, and is used to collect customer's energy-use information. "Advanced Metering is a safe and proven technology that is widely used across the U.S. More than 500 utilities across the nation already use this technology, with 50 million advanced meters installed at 43 percent of American households." *See* SCL's website (http://www.seattle.gov/light/ami/metering.asp), citing "Institute for Electronic Innovation, 2014."

00244628-3                                00244411-1
COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -3

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

13. Elster's Proposal contains trade secrets and other highly confidential and proprietary information, including the following:

- System architecture and design.
- Product features, design, data and specifications.
- System security information.
- Nonpublic customer and employee data.
- Data compilations.
- Pricing information.

14. Preparation of Elster's Proposal, including the trade secret information and other highly confidential and proprietary information contained therein, involved a significant investment of time and expense by Elster.

15. As a matter of Elster's standard course of business, Elster takes reasonable steps to guard its trade secrets and other confidential and proprietary information, including the types of information and documents contained in the subject Proposal. For instance, among other measures, Elster marks as confidential and proprietary its documents or other materials that are or contain such information. Further, Elster restricts access to such information to persons (employees, agents or other third-parties) who have agreed to keep such information confidential.

16. On information and belief, in or about January of 2016, SCL selected Landis+Gyr (a Switzerland-based company, and a subsidiary of the Toshiba Corporation) as the lowest responsible bidder to the RFP.

17. SCL did not award any work under the RFP to Elster.

*SCL's "Third Party Notification"*

18. On April 26, 2016, SCL's Public Disclosure Officer, Stacy Irwin, sent Elster a "third party notification of a public disclosure request" via email stating that "Phil Mocek from

00244628-3     00244411-1

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -4

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

MuckRock has made a public disclosure request for "Proposals that were submitted for 'SCL-RFP-3404, Advanced Metering Infrastructure.' ***Your proposal will be provided in response to this request***."

19. On May 4, 2016, Elster sent SCL a letter response, stating in pertinent part:

> Elster Solutions, now part of Honeywell, submitted a proposal on Jan 9, 2015 in response to the above referenced SCL opportunity, and while the majority of the information included in our proposal is not considered confidential or proprietary, it does contain information specific to Elster's business practices and the proposed SCL solution, including product/service pricing, named personnel, and a roadmap of future planned development, that if made available to our competitors would put Elster at a competitive disadvantage and could result in financial harm. For this reason we request the following sections/attachments be withheld from release in their entirety:
>
> 1. Proposal Section 6, Proposed Solution;
> 2. Proposal Section 10, Project Team;
> 3. Proposal Section 14, Pricing Response;
> 4. Proposal Attachment #22, Roadmap

### *Elster's Redacted Information Rejected*

20. SCL responded via email dated May 4, 2016, indicating that Elster may submit proposed redactions to the requested material, and that SCL would show the redacted versions to the requestor, but that a court injunction would be necessary to prevent disclosure if the requestor would not accept the redactions.

21. On May 5, 2016, Elster submitted redacted information to SCL. Of the 15 sections and 28 separate Attachments to Elster's proposal, Elster requested redactions to a limited number of sections and Attachments. These limited redactions proposed by Elster were necessary to preserve the confidentiality of Elster's business practice trade secrets, product/service pricing, project team expertise, and a "roadmap" of Elster's future development plans.

22. By email dated May 11, 2016, SCL notified Elster that "our requestor will not accept redacted bids in response to his request. This means that you would need to file an

00244628-3         00244411-1
COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -5

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

injunction with the court to prohibit disclosure. I am extending the deadline for the requestor to May 26, 2016 so an injunction would need to be received by COB, May 25, 2016." As such, SCL's April 26th and May 11th emails make apparent that the Court's intervention is needed to preserve and protect Elster's trade secret and proprietary rights thereto.

## COUNT I
## Claim for Relief Under
## Washington's Uniform Trade Secrets Act

23. Elster incorporates by reference all necessary and proper allegations contained throughout this verified complaint as though fully rewritten herein.

24. RCW § 19.108.020 authorizes the Court to enjoin actual or threatened misappropriation of trade secrets.

25. Information contained in Elster's bid response to the "SCL-RFP3404, Advanced Metering Infrastructure" RFP are "trade secrets" as defined by RCW § 19.108.010(4).

- Elster's bid response contained detailed information concerning Elster's business practices, products and services pricing, lists of specific personnel and their respective areas of expertise, as well as details concerning Elster's future development plans. This information includes certain formulas, patterns, compilations, methods, techniques and/or processes that derive independent economic value from not being generally known to or readily ascertainable by the public at large or Elster's market competitors, who could obtain economic value from disclosure of such information.

- Elster's business practices, products and services pricing, personnel lists and future development plans are all kept confidential, and are unknown to Elster's market competitors or the public.

- Elster maintains its competitive advantage through internal and external confidentiality measures, including, without limitation: (i) including clear proprietary information and confidentiality notices on internal and external documents,

00244628-3
COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -6

00244411-1

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

particularly documents necessary to be shared with its customers or third parties; (ii) requiring employees to sign a confidentiality and non-disclosure agreement concerning intellectual property, trade secrets and other generally confidential information; and (iii) requiring consultants, contractors, and agents to sign a confidentiality and non-disclosure agreement, with specific provisions concerning intellectual property, trade secrets and other generally confidential information; and (iv) including a confidentiality provision in customer contracts.

- If SCL released or disclosed the above-described information contrary to Elster's efforts to ensure protection of trade secrets, recipients would be in a position to learn and disseminate Elster's trade secrets to Elster's competitors' economic advantage and Elster's detriment.

26. SCL's stated intention to disseminate the information to third parties without Elster's authority or consent constitute threatened "misappropriations" of trade secrets as defined by RCW § 19.108.010(2).

27. Elster has no adequate remedy at law to prevent SCL's actions.

28. As a result of SCL's threatened and imminent misappropriations of Elster's trade secrets, Elster is entitled to an injunction prohibiting SCL from releasing or disclosing any confidential financial, commercial and proprietary information, including without limitation any trade secret information, contained in documents Elster submitted to SCL in connection with Elster's RFP for "SCL-RFP3404, Advanced Metering Infrastructure."

## COUNT II
## Claim Under Washington's Public Records Act

29. Elster incorporates by reference all necessary and proper allegations contained throughout this verified complaint as though fully rewritten herein.

30. Elster's bid proposal to the SCL's RFP for "SCL-RFP3404, Advanced Metering

00244628-3         00244411-1         **GORDON & REES**
COMPLAINT FOR INJUNCTIVE                               LLP
AND DECLARATORY RELIEF -7                              701 5th Avenue, Suite 2100
                                                       Seattle, WA  98104
                                                       Telephone: (206) 695-5100
                                                       Facsimile: (206) 689-2822

Infrastructure," contains certain trade secrets and other confidential proprietary commercial information concerning its products and business methods.

30. SCL has stated its intention to publically disclose Elster's bid proposal in its entirety and un-redacted, in response to a request made under Washington's Public Records Act, RCW Chapter 42.56.

32. The records in question (a) pertain specifically to Elster, (b) are exempt from public disclosure, and (c) disclosure thereof would not be in the public interest and/or would substantially and irreparably harm Elster or a vital governmental function.

33. An actual and justifiable controversy exists as to whether certain records, and/or information contained therein, relating to Elster's RFP Proposal are exempt from disclosure under RCW 42.56.070. Declaratory relief will clarify the rights and obligations of the parties and is, therefore, appropriate to resolve this controversy.

34. Washington's Public Records Act provides, pursuant to RCW 42.56.540, that a party other than a governmental agency may seek an injunction under to prevent the disclosure of public records.

## COUNT III
### Request for General Equitable Relief

35. Elster incorporates by reference all necessary and proper allegations contained throughout this verified complaint as though fully rewritten herein.

36. Elster keeps strictly confidential its advanced metering system designs, thus product specifications, technical information and data, and pricing information are not publicly available.

37. If SCL is permitted to disseminate confidential information concerning Elster's business practices, products and services pricing, personnel lists and future development plans to third parties, Elster's would be irreparably harmed by the revelation of proprietary and

00244628-3   00244411-1
COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -8

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

confidential information.

38. Elster has no adequate remedy at law to prevent the harms that may follow SCL's release and disclosure of its confidential financial, commercial and proprietary information.

39. Elster is entitled to an injunction prohibiting SCL from releasing or disclosing any confidential financial, commercial and proprietary information, including without limitation any trade secret information, contained in documents Elster submitted to SCL in connection with Elster's RFP for "SCL-RFP3404, Advanced Metering Infrastructure."

**WHEREFORE,** Plaintiff Elster respectfully prays for the following relief:

(i) A temporary restraining order enjoining SCL from releasing or otherwise disclosing any confidential financial, commercial and proprietary information, including without limitation any trade secret information, contained in Elster's Proposal to SCL's RFP for "SCL-RFP3404, Advanced Metering Infrastructure," to preserve the status quo until such time that a hearing can be held on a preliminary and/or permanent injunction; and

(ii) A declaratory judgment declaring that identified redacted information contained in Elster's Proposal is exempt from public disclosure pursuant to RCW Chapter 42.56, and that SCL is accordingly barred from disclosing Elster's un-redacted Proposal to the MuckRock Defendants, or to any other persons, under the PRA;

(iii) Preliminary and permanent injunctions enjoining SCL, with regard to a request made pursuant to RCW Chapter 42.56, from releasing or disclosing any confidential financial, commercial and proprietary information, including without limitation any trade secret information, contained in Elster's Proposal submitted to SCL in connection with SCL's RFP for "SCL-RFP3404, Advanced Metering Infrastructure."

(iv) An award of costs, expenses, and attorneys' fees incurred by Elster in this action; and

(v) Such other and further relief the Court deems just and proper.

00244628-3
COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF -9

00244411-1

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

| | |
|---|---|
| Dated: May 25, 2016 | GORDON & REES LLP |
| | By:    */s/Allen W. Estes III* <br>        Allen W. Estes III WSBA # 34526 |
| | By:    */s/John V. Leary* <br>        John V. Leary WSBA # 36345 |

Attorneys for Plaintiff ELSTER SOLUTIONS, LLC
Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
aestes@gordonrees.com
jleary@gordonrees.com

00244628-3
COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF -10

00244411-1

**GORDON & REES**
LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822